## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7658 PA (SSx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | Steven Huth, et al. v. Wells Fargo, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS – COURT ORDER

Before the Court is a "TRO to . . . stop the sale of the house" and "request for Reconsideration" filed by plaintiffs Steven Huth and Ronel Huth ("Plaintiffs"), who are appearing pro se. The Court will construe the TRO as an Ex Parte Application for Temporary Restraining Order and the "request for Reconsideration" as a Motion for Reconsideration. Although Plaintiffs attach a "Proof of Service" to the TRO that notes, "I served Wells Fargo the other side, a TRO", that attachment does not establish that any of the named defendants have been served with the Ex Parte Application for TRO or Motion for Reconsideration. Nor does the Ex Parte Application for TRO include any information establishing that Plaintiffs have satisfied Local Rule 7-19's notice requirements for an ex parte application. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (internal citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997).

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (holding that among the grounds for a motion to amend a judgment is when the motion "is necessary to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7658 PA (SSx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | Steven Huth, et al. v. Wells Fargo, et al. | | |

correct manifest errors of law or fact upon with the judgment is based"). Rule 60(b)(1) similarly provides a district court with the "discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself." Fidelity Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1024 (9th Cir. 2004) (citing Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999)). Reconsideration under either Rule 59 or Rule 60 is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); see also McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). Local Rule 7-18 further provides that a party may bring a motion for reconsideration only by demonstrating:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Local Rule 7-18.

      On October 28, 2014, Defendant Wells Fargo filed a motion to dismiss Plaintiffs' complaint with prejudice. No opposition was filed. Thereafter, this Court dismissed Plaintiffs' claims with prejudice on December 3, 2014. In the Ex Parte Application, Plaintiffs claim they have "never received any notice of anything that has transpired since" October 28, 2014 in this action. However, the Court's records show that Plaintiffs were served with the Motion to Dismiss on October 28, 2014 and the Court's Order dismissing the action on December 3, 2014.

      Plaintiffs' Motion for Reconsideration fails to satisfy the procedural requirements for such a motion. The Motion for Reconsideration does not argue the Court failed to consider material facts or contend there are new facts or a change of law since the Court issued its Order. Plaintiffs do not present the Court with any basis to alter or amend its December 3, 2014 Order.

      Similarly, the Ex Parte Application does not meet the requirements for a TRO under Federal Rule of Civil Procedure 65. A court may issue a TRO without notice to the adverse party only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the applicant "certifies in writing any efforts made to give notice and the reasons why it should not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7658 PA (SSx) | Date | January 13, 2015 |
|---|---|---|---|
| Title | Steven Huth, et al. v. Wells Fargo, et al. | | |

required." Fed. R. Civ. P. 65(b)(1); see Zakar v. CHL Mortg. Pass Through Trust, No. 11CV457 JLS (WVG), 2011 WL 915293, at *1-2 (S.D. Cal. Mar. 8, 2011); Manzano v. Misson Fed. Credit Union, No. 10-CV-2681 JLS (WVG), 2010 WL 5463102, at *1-2 (S. D. Cal. Dec. 29, 2010). The "'stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" Reno Air Racing Ass'n, Inc., 452 F.3d at 1131 (quoting Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39, 94 S. Ct. 1113, 1124, 39 L. Ed. 2d 435, 450 (1974)); see also Religious Tech Ctr. v. Netcom On-Line Commc'n Servs., Inc., 923 F. Supp. 1231, 1262 ("Rule 65(b) permits injunctive relief without notice only where notice to the adverse party is impossible or, in some limited circumstances, where notice would render further action fruitless.").

In this case, Plaintiffs have failed to meet the requirements under Rule 65. Plaintiffs do not include any facts, let alone "specific facts" that clearly show they will suffer "immediate and irreparable injury, loss or damage" if Defendants are given the opportunity to be heard on this issue. See Zakar, 2011 WL 915293, at *2. The Application does not provide information regarding Plaintiffs' efforts to give notice to Defendants, why notice could not be given to Defendants prior to filing the Application, or why such notice should not be required. See Fed. R. Civ. P. 65(b)(1)(B) ("The movant must also certify in writing any efforts made to give notice and the reasons why it should not be required."); Manzano, 2010 WL 5463102, at *2; see also C.D. Cal. R. 7-19.1, 7-19.2.

Moreover, Plaintiffs have not supported their request for injunctive relief with any evidence that would justify the issuance of a temporary restraining order. Plaintiffs have failed to show either a likelihood of success or succeeded in raising a serious question on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, or that an injunction is in the public interest. See Winter, 555 U.S. at 20. Plaintiffs fall far short of satisfying their burden to establish entitlement to the extraordinary relief they seek.

Accordingly, Plaintiffs' Ex Parte Application for Temporary Restraining Order and Motion for Reconsideration are denied.

IT IS SO ORDERED.